UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAPHNE JARRETT,
RYAN JARRETT,

                                         DEMAND FOR JURY TRIAL

    Plaintiffs,

-vs.-

EQUITYEXPERTS.ORG, LLC,
a Michigan limited liability company,

    Defendant.
_____

## COMPLAINT AND JURY DEMAND

NOW COMES THE PLAINTIFFS, DAPHNE and RYAN JARRETT, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN, and for their Complaint against the Defendant pleads as follows:

## JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. § 1367.

## VENUE

3. Defendant's principal place of business is in the County of Oakland, State of Michigan.

4. Venue is proper in the Eastern District of Michigan.

## PARTIES

5. Plaintiffs are natural persons residing in Romulus, Wayne County, Michigan. Plaintiffs are "consumers" and "persons" as the terms are defined and used in the FDCPA. Plaintiffs are "consumers," "debtors" and "persons" as the terms are defined and or used in the MCPA and MOC.

6. The Defendant to this lawsuit is EquityExperts.Org, LLC, ("EE"), which is a Michigan limited liability company that maintains its principal place of business in Oakland County, Michigan.

## GENERAL ALLEGATIONS

7. Plaintiffs owned and resided in condominium that was part of a home owners association ("HOA") called the Highland Estates. As part of their obligation to the HOA, Plaintiffs were required to pay the sum of $125 per quarter.

2

8. Plaintiffs missed some payments and became late by several months in paying their debt to the HOA. Indeed, as of August 25, 2017, Plaintiffs owed the HOA the sum of $585.00 ("the Debt").

9. The HOA eventually turned the collection of the Plaintiffs' balance over to Defendant ("EE").

10. EE's business model is to either purchase unpaid HOA dues from HOAs or to act as their collection agents. Because the debts collected by the Defendant are incurred primarily by consumers for personal, family and/or household use, EE is governed by the Fair Debt Collection Practices Act. In this case, the debt that Defendant has been attempting to collect, were incurred for personal, family and/or household use and thus, the Defendant's collection efforts are governed by the FDCPA.

11. Moreover, the Defendant's business model is such that it charges no costs or fees to the HOAs on behalf of which it attempts to collect debts. Defendant merely provides a schedule of fees to a HOA board of directors and informs that it will merely seek these costs from the delinquent homeowner only. Typically, the HOA board of directors signs a contract reciting these terms with Defendant without ever amending its by laws or passing resolutions allowing Defendant EE to unilaterally charge its Bogus Fees to the homeowner. Moreover, EE has over the past several years and to this day,

advertised on its website, that it does not charge fees and costs to home owners associations.

12. Upon information and belief, Highland Estates by laws allow it to charge back costs of collecting a delinquent home owner's account, including reasonable attorneys' fees.  However, none of the fees charged by EE to Plaintiffs or any other consumer are ever charged back to the respective HOA.  Hence, no HOA incurs any costs of collection when it turns its delinquent home owners accounts over to EE for collection.  Without a basis in contract or law, any and all of the charges that Defendant seeks from a delinquent homeowner violate 15 USC 1692f of Fair Debt Collection Practices Act as they are charges that are not expressly authorized by the agreement creating the debt or permitted by law ("Bogus Charges").

13. In connection with its attempts to collect the Debt from Plaintiff, the Defendant has also attempted to collect a raft of Bogus Charges from the Plaintiffs.

14. On or about October 30, 2017, Defendant prepared and filed a Lien for Nonpayment of Association Assessments against Plaintiffs' home with the Wayne County Register of Deeds. In the Lien, Defendant stated that Plaintiffs owed a balance of $760.00. While the Michigan Condominium Act at MCL 559.208 et seq allows a lien to be filed for the sum of only the

amounts due a HOA exclusive of interest, costs, attorneys and future assessments, the Defendant has filed its lien to include these items. In doing so, the Defendant violated the Fair Debt Collection Practices Act by threatening to take action to which it was not entitled to take.

15. On November 6, 2017, the Wayne County Register of Deeds recorded the lien against the Plaintiff's property.

16. Plaintiffs contacted their HOA regarding the Debt but they were referred to back to Defendant.

17. On or about January 3, 2018, Plaintiffs received a letter from Defendant attempting to collect the Debt. In its letter, Defendant stated that since Plaintiffs have not made a payment, a $650 collection fee has been charged to their account with the HOA. Defendant made this false statement to Plaintiff knowingly as it does not charge fees and costs to HOAs. This is another violation of the FDCPA. Also, the Defendant falsely stated that balance due for the Debt is now $2,915.00.

18. On or about September 14, 2018, Plaintiffs received another letter from Defendant attempting to collect the Debt. In its letter, Defendant stated that it will continue its collection efforts and Plaintiffs may avoid additional costs, if they setup satisfactory payment arrangements with Defendant. Further, Defendant stated foreclosure proceedings have not been started against Plaintiffs' property.

19. On or about December 6, 2018, Plaintiffs received a Statement of Account from Defendant addressed to Mrs. Jarrett. While the Plaintiffs owed a debt to the HOA of $1,460.00, the Defendant unilaterally assessed and attempted to collect the following Bogus Charges none of which Plaintiffs ever had any obligation to pay:

    a. Management New Account Setup    $270.00
    b. "Collection/Legal Fees:"        $2,395.00
    c. Late fees                       $25.00
    d. Costs                           $15.00

20. None of the above referenced Bogus Charges were ever agreed to by the Plaintiffs nor were they ever authorized by law.  Plaintiffs never had any duty to pay any of these Bogus Charges.

21. Defendant previously collected Bogus Charges from Plaintiffs and continues to engage in the same unlawful practices, in violation of the FDCPA.

22. As a direct and proximate cause of Defendant's assessing these Bogus Charges and collecting some of them, Plaintiffs have suffered pecuniary and emotional damages as result of Defendant's actions.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiffs reincorporate the preceding allegations by reference.

24. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

25. Plaintiffs are "consumers" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

26. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

27. Defendant's foregoing acts in attempting to collect the Bogus Charges from Plaintiffs in connection with the collection of the Debt with its false statements to Plaintiff, violated the Fair Debt Collection Practices Act.

28. Plaintiffs were never obligated to pay any of these Bogus Charges. At all times relevant to this complaint, there was neither a contractual nor any other legal duty owed by Plaintiffs to Defendant to pay these fees.

7

Defendant assessed and indeed collected some of these Bogus Charges in connection with the collection of the Debt, a consumer type obligation.

29. Defendant's attempt to boot strap its costs to the lien that it filed with Wayne County Register of Deeds violated the Michigan Condominium Act and in doing so, violated the Fair Debt Collection Practices Act by:

   a. Misleading the Plaintiff;

   b. Threatening to take action that it did not have the right to take

   c. Charging costs to the Plaintiff for which there is no contract or law that bound the Plaintiff to pay;

30. Due to Defendant's assessing Bogus Charges and collecting some of them, Plaintiffs have suffered economic, emotional, general, and statutory damages.

**WHEREFORE, PLAINTIFFS PRAY** that this court grants them a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## COUNT II
## VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

31. Plaintiffs incorporates the preceding allegations by reference.

32. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b). Defendant is required

8

and, indeed, possesses a license to operate as a collection agency from the state pursuant to MCL 339.904.

33. Plaintiffs are debtors as that term is defined in M.C.L. § 339.901(f).

34. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

   a. MCL § 339.915(e) which prohibits a licensed collection agency from making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt.  Defendant violated this particular provision of the MOC when it informed the Plaintiffs that they have an obligation to pay the Bogus Charges; and

   b. MCL § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

35. Plaintiffs have suffered pecuniary damages as a result of Defendant's violations of the Michigan Occupational Code. Moreover, Plaintiff has suffered emotional damages as well.

36. Defendant's violations of the Michigan Occupational Code were willful. Defendant's business model in unilaterally determining and assessing its own fees and collecting them against the Plaintiffs are part and parcel of its pattern and practice.  These Bogus Charges levied solely by Equity Experts

were not the result of any inadvertence or mistake by Equity Experts; they were deliberately and intentionally assessed as this is how it does business.

## COUNT III
## VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

37. Plaintiff incorporates the preceding allegations by reference.

38. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

39. Plaintiff is a "consumer" as that term is defined at MCL § 445.251.

40. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

   c. MCL § 445.252(e) which prohibits a licensed collection agency from making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant violated this particular provision of the MCPA when it informed the Plaintiff that he had an obligation to pay the Bogus Charges;

   d. MCL § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

41. Plaintiff has suffered pecuniary damages as a result of Defendant violations of the MCPA. Moreover, Plaintiff has suffered emotional damages as well.

42. Defendant's violations of the MCPA were willful. Defendant's business model in unilaterally determining and assessing its own fees and collecting them against the Plaintiffs are part and parcel of its pattern and practice. These Bogus Charges levied solely by Equity Experts were not the result of any inadvertence or mistake by Equity Experts; they were deliberately and intentionally assessed as this is how it does business.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiffs requests that the Court grant them the following relief against Defendant:

a. Actual damages;

b. Treble damages under the Michigan Occupational Code plus costs and attorneys' fee;

c. Treble damages under the Michigan Collection Practices Act plus costs and attorneys' fee;

d. Statutory damages; and

e. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiffs hereby demand a trial by Jury.

        Respectfully submitted.

Dated: February 27, 2019    /s/ Gary Nitzkin
                                    GARY D. NITZKIN (P41155)
                                    CARL SCHWARTZ (P70335)
                                    CREDIT REPAIR LAWYERS OF AMERICA
                                    Attorneys for Plaintiff
                                    22142 West Nine Mile Road
                                    Southfield, MI 48033
                                    (248) 353-2882
                                    Fax (248) 353-4840
                                    Email – gary@crlam.com